# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LEVORY HICKMON,**

      **Plaintiff,**

**-vs-**                 **Case No. 6:06-cv-356-Orl-22DAB**

**18TH JUDICIAL CIRCUIT COURT IN
AND FOR SEMINOLE COUNTY,
FLORIDA, AND FIFTH DISTRICT
COURT OF APPEALS OF FLORIDA,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**   March 21, 2006
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

   In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). In this action, Plaintiff is suing the Eighteenth Judicial Circuit Court in and for Seminole County, and the Fifth District Court of Appeal, alleging that they "deprived the Plaintiff [of] his right to have [his state court conviction] reversed" during post-

conviction/habeas corpus proceedings.  Specifically, Plaintiff asserts that he filed several post conviction motions in the trial court seeking to have the "unlawful" conviction reversed, and the Circuit Court did not grant the relief.  Plaintiff then contends: "The Fifth District Court of Appeal also deprived Plaintiff's right to have [his conviction] reversed by per curiam affirming without an opinion."  Plaintiff notes that he appealed this ruling to the Florida Supreme Court, but that court was without jurisdiction as an opinion was not rendered by the appellate court.  Plaintiff contends that he has filed other motions and pleadings in Circuit Court, "but has been denied having motions and pleadings heard and/or addressed."  Plaintiff seeks a declaratory judgment that "his civil rights have been deprived" in that the state courts have not reversed the unlawful conviction, or granted Plaintiff "his due process rights to have motions and pleadings addressed or heard."

This case is untenable for numerous reasons.  Initially, the Court notes that Plaintiff has not established that the entities sued are subject to suit in federal (or any other) court.  From a practical standpoint, the courts, as the judicial branch of the state, act in official capacities only through duly sworn officials such as judges or clerks.  The institution itself exercises no authority, save through the actions of individual jurists or authorized officials.  There has been no showing that the court itself can be held liable for the actions of any individual, independent jurist.

Moreover, as is clear, Plaintiff seeks to challenge several state court orders and related actions, with respect to his conviction.  *See* Doc. No. 1.[1]  The Supreme Court has held that such actions are barred in the absence of reversal or vacating of the underlying conviction.  *Heck v. Humphrey*, 512 U.S. 477, 114S.Ct. 2364,129 L.Ed.2d. 383 (1994); *Abella v. Rubino*, 63 F.3d 1063 (11th Cir. 1995).

---

[1] Although not pertinent to the issues presented in this motion, the Court notes that Plaintiff has filed approximately twenty (20) cases in this district, according to a review of the Court's electronic dockets.

To the extent Plaintiff's Complaint could somehow be construed to state a cause of action under 42 U.S.C. § 1983 that is not barred by *Heck*, Plaintiff's Complaint alleges nothing more than actions taken by judges in their official capacities, for which they are immune from suit. "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *Wahl v. McIver,* 773 F. 2d 1169, 1172 (11th Cir. 1985).

Because Plaintiff has failed to allege any claim that is not barred by *Heck* or by immunity from suit, the Court finds the action to be frivolous. It is **recommended** that the application be **DENIED** and the action be **DISMISSED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 23, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy